J-S48023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON M. ROBERTS | : | |
| | : | |
| Appellant | : | No. 1233 EDA 2018 |

Appeal from the PCRA Order April 12, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002920-2013,
CP-51-CR-0003684-2013

BEFORE:   BOWES, J., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:               **FILED JANUARY 07, 2020**

Appellant, Brandon M. Roberts, appeals *pro se* from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.[1]  We remand for proceedings consistent with this memorandum.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We observe that Appellant's notice of appeal lists two trial court docket numbers.  On June 1, 2018, our Supreme Court decided **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018).  Citing the official note to Pa.R.A.P. 341, the **Walker** Court prospectively determined that separate notices of appeal must be filed when convictions arise from separate dockets.  However, our Supreme Court applied **Walker** prospectively from June 1, 2018, because it was "contrary to decades of case law from [the Supreme] Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, [appellate courts] seldom quashed appeals as a

The PCRA court set forth the factual and procedural history of this matter as follows:

On January 4, 2013, [Appellant] was arrested and charged with murder of the third degree, recklessly endangering another person, possession of an instrument of crime ("PIC"), two counts of VUFA § 6106 firearms not to be carried without a license, VUFA § 6108 carrying firearms in public in Philadelphia, VUFA § 6105 possession of a firearm by a prohibited person, unauthorized use of a motor vehicle, and terroristic threats.

On March 31, 2014, [Appellant] entered into a negotiated guilty plea before this [c]ourt in which [Appellant] pled guilty to third degree murder, two counts of VUFA § 6106, unauthorized use of a motor vehicle, and terroristic threats. The other charges were *nolle prossed*. [Appellant] was sentenced the same day to 20 to 40 years [of] incarceration for the charge of third degree murder, [and] 3 to 8 years [of] incarceration on one charge of VUFA § 6106 to run consecutively. [Appellant] was further sentenced to 3 to 6 years incarceration on the remaining charge of VUFA § 6106 to run concurrent with the homicide charge, and no further penalty on the charge of terroristic threats. As conditions of his sentence, the [c]ourt required [Appellant] to obtain job training, anger management treatment, drug and alcohol treatment, and pay all mandatory court costs and fees. [Appellant's] aggregate sentence was 23 to 48 years [of] incarceration.

On April 2, 2014, a second plea hearing was held in order to correct errors at sentencing. Upon review of the record, the [c]ourt discovered that [Appellant] was charged with a second degree felony under VUFA rather than a third degree felony. As a result of the change in the record, [Appellant's] sentence was modified. [Appellant] was again sentenced to 20 to 40 years [of] incarceration for the charge of third degree murder but his sentence for VUFA § 6106 was reduced to 3 to 7 years incarceration to run consecutive to the sentence for murder. The aggregate sentence was 23 to 47 years [of] incarceration. All

_____

result." ***Walker***, 185 A.3d at 977. Because ***Walker*** was decided after the instant appeal was filed, we will not apply it, and we decline to quash this single appeal.

other conditions of sentence were unchanged. The [c]ourt incorporated the colloquy on the record from the first hearing and [Appellant] completed an updated written colloquy to reflect the reduced and corrected charges and sentence. [Appellant] did not file any post-sentence motions or an appeal.

On March 24, 2015, [Appellant] filed a *pro se* PCRA Petition in which he claimed that "all of his sentences be served concurrent [sic] with the twenty to forty years, correction of my sentence." Def.'s PCRA ¶6. [Appellant] further alleged trial counsel provided ineffective assistance of counsel by failing to ensure [Appellant's] plea was entered knowingly, intelligently, and voluntarily. [Appellant] claimed that he did not waive his right to a jury trial and that his constitutional right against self-incrimination was violated. Id. ¶8.

On January 29, 2016, James Lammandola, Esquire was appointed to represent [Appellant]. On September 9, 2016, Lammandola filed a letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (1988), stating that [Appellant] was not eligible for relief under the PCRA because all of his claims were waived as a result of the knowing, intelligent, and voluntary plea agreement under which [Appellant] entered. Roberts Finley Letter p. 6. Lammandola also determined that [Appellant's] sentence was not illegal because the [c]ourt had the authority to run sentences consecutively.

On September 20, 2016, the [c]ourt sent [Appellant] a 907 Notice of Intent to Dismiss. On September 23, 2016, [Appellant] filed a *pro se* Amended PCRA petition. On October 18, 2016, the [c]ourt dismissed [Appellant's] PCRA petition as frivolous pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988). On January 26, 2018, the [c]ourt reinstated [Appellant's] appellate rights *nunc pro tunc*. On February 16, 2018, [Appellant] filed a *pro se* Notice of Appeal to the Superior Court.

PCRA Court Opinion, 6/25/18, at 1-3. Appellant was not directed to file a

Pa.R.A.P. 1925(b) statement. The PCRA court authored an opinion pursuant

to Pa.R.A.P. 1925(a).

In his *pro se* brief, Appellant asserts that his counsel was ineffective. Specifically, Appellant states that:

he did not get effective counsel by not getting a discovery until hours before Appellant had to begin [trial]. This is why Appellant [has] claims for ineffective assistance [of] counsel.

Appellant also avers he was left with no choice but to enter a plea due to evidence being withheld, Appellant['s] counsel didn't raise any issue while Appellant was in court[.]

Appellant's Brief at unnumbered 1. Basically, Appellant contends that counsel was ineffective for failing to provide discovery and failing to present an allegation that evidence had been withheld.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

We must first address the timeliness of this appeal because the record reveals that the appeal may not have been filed within thirty days of the date

of the order reinstating appellate rights *nunc pro tunc*.[2]  Pursuant to Rule 903 of the Pennsylvania Rules of Appellate Procedure, "[T]he notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."  Pa.R.A.P. 903(a).  Time limitations for the taking of appeals are strictly construed and cannot be extended as a matter of grace. ***Commonwealth v. Perez***, 799 A.2d 848, 851 (Pa. Super. 2002).

We further observe that, pursuant to the prisoner mailbox rule, the notice of appeal is considered filed on the date it is delivered to prison authorities for mailing.  ***See Commonwealth v. Wilson***, 911 A.2d 942, 944 (Pa. Super. 2006) (recognizing that under the "prisoner mailbox rule," a document is deemed filed when placed in the hands of prison authorities for mailing).  Under that rule, "we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities . . . ."  ***Perez***, 799 A.2d at 851 (quoting ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997)).  Where there are questions pertaining to the authenticity of the evidence presented, we may remand to the trial

---

[2] The text of the PCRA court's order provides as follows:

> **AND NOW**, this 26th day of January, 2018, it is hereby **ORDERED** and **DECREED** that [Appellant's] Appellate Rights are Reinstated Nunc Pro Tunc.  [Appellant] may proceed pro se or must hire private counsel.  [Appellant] must perfect this appeal within 30 days of th[e] date of this order.

Order, 1/26/18, at 1.

court for a hearing on the issue. *See Jones*, 700 A.2d at 426 n.3 (stating that "where … the facts concerning the timeliness [of the filing] are in dispute, a remand for an evidentiary hearing may be warranted."); *Commonwealth v. Little*, 716 A.2d 1287, 1289 (Pa. Super. 1998) (remanding to PCRA court to consider documentary evidence submitted by petitioner to establish timeliness of petition).

Our review of the record reflects that the PCRA court entered its order reinstating Appellant's appeal rights *nunc pro tunc* on January 26, 2018. Thus, in order to be timely, Appellant's notice of appeal should have been filed on or before February 26, 2018.[3] However, the notice of appeal states that it stems from an order entered on April 12, 2018, which is after the appeal period ended. Moreover, the envelope containing the notice of appeal displays a postal service time-stamp dated April 17, 2018, which is after the completion of the appeal period. In addition, the envelope contains a trial court time-stamp indicating that it was received on April 20, 2018. Therefore, it appears that this appeal is patently untimely.

However, the trial court docket in the certified record indicates that the instant notice of appeal was filed on February 16, 2018. Likewise, the actual

---

[3] We observe Appellant needed to file his appeal on or before Monday, February 26, 2018, because the thirtieth day, February 25, 2018, was a Sunday. *See* 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation).

notice of appeal in the certified record contains a trial court time-stamp indicating that it was received on February 16, 2018.

When this Court discovered this inconsistency, the Superior Court Prothonotary contacted the Philadelphia County Clerk of Courts regarding the discrepancy. The trial court clerk of courts responded to our Prothonotary that the envelope was indeed received in April of 2018, and that the time-stamp on the document was backdated due to problems with the mail. However, we remain uninformed regarding whether the alleged problems with the mail pertain to items sent from the lower court to parties, items received by the lower court, or both.

Because there is a dispute relating to the timeliness of the notice of appeal, we are constrained to remand this case to the PCRA court to make a specific determination as to the timeliness of the filing of Appellant's document. If necessary, the PCRA court may hold an evidentiary hearing to establish the timeliness of the notice of appeal. Moreover, on remand, the PCRA court should consider the applicability of the prisoner mailbox rule. Such determination by the PCRA court must be perfected within forty-five days of the filing of this memorandum.

Case remanded for proceedings consistent with this Memorandum to be completed within forty-five days. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/20